**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BRADLEY CHRISTOPHER STARK,  ) | |
| (BOP # 69122-053)           ) | |
|     Plaintiff,         ) | |
| vs.                         ) | No. 3:14-CV-2920-B-BH |
|                             ) | |
| ERIC H. HOLDER, Jr. Et al., ) | Referred to United States Magistrate |
|     Defendants.        ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

**I. BACKGROUND**

On August 14, 2014, Bradley Christopher Stark (Plaintiff), an inmate in the Bureau of Prisons FCI-Ashland facility, initiated this civil action with a document entitled "Petition to Confirm Arbitration Award," in which he seeks $3,296,347,823.00 in monetary damages for almost six years of alleged "unlawful incarceration." (*See* docs. 3, 3-1 at 40-49.) He was previously convicted of seven counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x, and he was sentenced to a term of 276 months' imprisonment. *See United States v. Stark,* No. 3:08-CR-258-M (October 29, 2012 Judgment). He sues the United States of America, Eric H. Holder, Jr., Attorney General; Richard Roper, Sara Saldana, and James Jacks, United States Attorneys and Acting United States Attorney, respectively; Paul Lee Yanowitch and Christopher Stokes, Assistant United States Attorneys; Laura Schlier, IRS Criminal Investigation Supervisor; Ronald Loecker, IRS Criminal Investigation Special Agent; and Timothy Neylan, FBI Special Agent. (Doc. 2-3).

## II. PRELIMINARY SCREENING

Because Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. BIVENS

Plaintiff seeks monetary damages against several federal government officials. Because he

2

sues federal officials in their individual capacities, his claims are liberally construed as arising under *Bivens v. Six Unknown Named Agents* (*"Bivens"*)*,* 403 U.S. 388, 297 (1971). In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials")*, overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, a plaintiff has no viable claim under *Bivens*.

**A.     United States**

To the extent that Plaintiff seeks to assert a *Bivens* action against the United States, *Bivens* only provides a remedy for victims of constitutional violations by government officers in their individual capacities. It does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). The purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). As the Fifth Circuit has noted, an "inmate may bring a[n] . . . action [under *Bivens*] against individual officers for a[n] alleged constitutional violation, but he may not bring an action against the United States, [or officers] in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Federal Bureau of Prisons,* 121 F. App'x. 549, 551 (5th Cir.

3

2004) (per curiam) (citing *Malesko,* 534 U.S. at 71-72).  Plaintiff has not alleged any viable *Bivens* claim against the United States.

**B.      Prosecutors**[1]

With regard to the defendant prosecutors, the Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.  *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).  It has explained that absolute immunity is afforded or not based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler,* 424 U.S. at 431 n.33.

Here, the actions of Attorney General Holder, United States Attorneys Roper, Jacks, and Saldana, and Assistant United States Attorneys Yanowitch and Stokes, were taken in their roles as prosecutors for the United States.  Plaintiff has not alleged any facts that these persons acted beyond the scope of the prosecutorial role.  He seeks monetary damages from each of them in the form of enforcement of a purported arbitration award of over $3 billion for his indictment and prosecution in case number 3:08-CR-258-M.  Each of these defendants are entitled to absolute prosecutorial immunity, and Plaintiff's claims against them must be dismissed.

---

[1]Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  It provides that a plaintiff who seeks to recover damages for allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87.  Because the claims against the prosecutors are appropriate for early and final determination, however, consideration of whether *Heck* bars them is not required.  *See Patton v. Jefferson Correct-ional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

4

### C. Special Agents

With regard to the remainder of Plaintiff's claims, they are not cognizable. Plaintiff is seeking monetary damages for alleged violations of his rights arising from his convictions in this the United States District Court for the Northern District of Texas for wire fraud and securities fraud. He claims that defendants have "failed to pay actual damages for false arrest, false imprisonment/unlawful incarceration, misapplication of the statutes, malicious prosecution, [and] fraud . . . ." Compl. at ¶ 19.

In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994)*,* the Supreme Court held that a claim for monetary damages that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87; *see also Cronn v. Buffington,* 150 F.3d 538, 541 (5th Cir. 1998)( "*Heck* applies to *Bivens* actions")(citing *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994)).

Here, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his convictions and sentence, and are thus not cognizable unless he has satisfied the conditions set by *Heck. See Stephenson,* 28 F.3d at 27 (noting that a federal prisoner's avenue to obtain a habeas corpus remedy is under 28 U.S.C. § 2255). He has failed to establish that he has met one of the prerequisites to an action for damages set forth by the Supreme Court. To the contrary, Plaintiff has filed a direct appeal of his convictions and sentence in the United States Court of Appeals for the Fifth Circuit, and that appeal is still pending as case number 12-10247. Plaintiff remains in custody and has not shown that his convictions or sentence have been invalidated. As a result, Plaintiff's remaining claims for monetary damages against the Special Agents are not cognizable, and must be dismissed. *See Heck*,

5

512 U.S. at 487-88.[2]

### IV. FTCA

As noted, Plaintiff sues the United States for monetary damages.

Under the settled principles of sovereign immunity, the United States, as a sovereign, is immune from suit absent an explicit waiver. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Dalm*, 494 U.S. 596, 608 (1990); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 n. 2 (5th Cir. 1988). "Courts must strictly construe all waivers of the federal government's sovereign immunity, [resolving] all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir.1998). In other words, unless the United States consented to be sued, this Court lacks jurisdiction to hear Plaintiffs' claims for monetary damages against it.

"In the [Federal Tort Claims Act], Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. The FTCA shields federal officers from official capacity suits because these types of suits are actually against the government. *See Smart v. Holder*, No. 09-50796, 2010 WL 759164, at *2 (5th Cir. Mar. 5, 2010) (citing *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981)). Any claims against them in their official capacities are treated as a suit against

---

[2] To the extent that the claims against the prosecutors are not subject to dismissal based on absolute immunity, they are also alternatively subject to dismissal as barred by *Heck*.

the United States. *Connor v. Matthews*, 134 F. Supp.2d 797, 799 (N.D. Tex. 2001).[3] To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

Because the FTCA provides a waiver of sovereign immunity, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States. *Atorie Air, Inc., v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir. 1991) (citing *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)). This Court's subject matter jurisdiction over an action against the United States under the FTCA is conditioned upon compliance with the language of 28 U.S.C. § 2675(a), which requires that the plaintiff either obtain a written denial of his claim or wait six months after its filing at the appropriate agency. *See* U.S.C.A. § 2675(a) (West 2006). An action filed before the expiration of the six-months, "cannot become timely by the passage of time after the complaint is filed. The requirement is jurisdictional and may not be waived." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citing *McNeil v. United States,* 508 U.S. 106, 111-12 (1993) and *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981)). Stark has provided no information to show that he satisfied the jurisdictional precondition of exhaustion of administrative remedies.[4] Any

---

[3]The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a) (West 2006); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Individual defendants cannot be sued under the FTCA in their individual capacities. *Id.*

[4]*See generally Michalik v. Hermann,* No.Civ.A. 99-3496, 2002 WL 1870054, at *3 (E.D. La. Aug. 12, 2002) ("In *McNeil v. Unites States*, 508 U .S. 106,(1993), the Supreme Court held that failure to completely

7

claim under the FTCA must be dismissed.

## V.  HABEAS RELIEF

To the extent that Plaintiff challenges his conviction and seeks release from imprisonment, he may not obtain this relief in this action.[5]  *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (release is an inappropriate remedy in a § 1983 action).  A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).  He may only do so within the exclusive scope of habeas corpus.  *See Preiser*, 411 U.S. at 487.  Because Plaintiff may only obtain declaratory or monetary relief in this *Bivens* action, he fails to state a cause of action upon which relief may be granted on any claim for release.[6]

## VI. MOTIONS

Plaintiff has also filed motions for a temporary restraining order and permanent injunction, and to have the United States Marshal serve his complaint upon the defendants.  (*See* docs. 4, 6.)

---

exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Even where no substantial progress has taken place in the litigation before the administrative remedies are exhausted, plaintiff must refile his lawsuit . . . Although the result is a harsh one, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very narrow construction") (citations omitted).

[5]In the exhibit entitled "Arbitration Award" Plaintiff appears to seek to be "released immediately from custody," and alleges that his judgment of conviction in case number 3:08-CR-02580-M is "void ab initio."

[6]Because Plaintiff requests monetary relief, this action will not be construed as a petition for a writ of habeas corpus.  To the extent his statements in the exhibits about "release"as challenges to his underlying conviction and sentence could be construed as habeas claims, they would be subject to summary dismissal because Plaintiff's direct appeal of his convictions remains pending. (*See generally Jones v. United States,* 453 F.2d 351, 352 (5th Cir. 1972) (where direct appeal pending, defendant's § 2255 motions were not entitled to consideration on the merits; *see also United States v. Robinson,* 8 F.3d 398, 405-06 (3rd Cir. 1993) (noting that the general rule is that absent extraordinary circumstances a district court should not consider a § 2255 motion, including a § 2255 motion asserting ineffective assistance of counsel, while a direct appeal is pending). Since Plaintiff is still pursuing a direct appeal, his conviction is not yet final for purposes of 28 U.S.C. § 2255(f)(1).

Because his claims must be dismissed, there is no basis to grant these motions, and they should be denied.

## VII. RECOMMENDATION

All of Plaintiff's claims against Eric Holder, Richard Roper, James Jacks, Sarah Saldana, Paul Lee Yanowitch, and Christopher Stokes should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(2) and 28 U.S.C.§ 1915(e)(2)(B)(iii); all Plaintiff's claims against the United States of America should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2) (B)(I) and (ii); and all of Plaintiff's claims against Laura Schlier, Ronald Loecker, and Timothy Neylan, and alternatively, all Plaintiff's claims against defendants Holder, Roper, Jacks, Saldana, Yanowitch, and Stokes, should be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2) (B)(I) and (ii).[7] This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[8]

**SIGNED this 20th day of August, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996) (directing district courts to dismiss claims that are barred by *Heck* "with prejudice to their being asserted again until the *Heck* conditions are met").

[8] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE